UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEATHERLEE YORTY,

        Plaintiff,                      Hon. Paul L. Maloney

v.                                         Case No. 1:19-cv-476

EQUIFAX, INC.,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Default Judgment (ECF No. 18) and Defendant's Motion to Dismiss (ECF No. 19). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be denied, Defendant's motion be granted, and this matter terminated.

## BACKGROUND

Plaintiff initiated this action on June 14, 2019, against Equifax, Inc., seeking eighty million dollars ($80,000,000.00) in damages resulting from the alleged theft of the personal information of Plaintiff and an additional 148 million people. (ECF No. 1). Plaintiff paid the civil filing fee and was provided a summons so that service on Equifax could be accomplished. Plaintiff later submitted documents purporting to establish that service had been effected on Equifax. (ECF No. 7). When Equifax failed to respond to

Plaintiff's complaint, default was entered on December 17, 2019. (ECF No. 13). On February 5, 2020, however, the Court set aside this default because Plaintiff's attempt to effect service on Equifax was "defective." (ECF No. 16). Plaintiff was also ordered to "effectuate proper service on Defendant" within 28 days. (*Id.*). On February 27, 2020, Plaintiff submitted documents purporting to establish that service had been properly effected on Equifax. (ECF No. 17). Plaintiff simultaneously moved for default judgment. (ECF No. 18). Defendant responded by moving to dismiss Plaintiff's complaint on twin grounds: (1) lack of personal jurisdiction and (2) failure to state a claim on which relief may be granted. (ECF No. 19). Plaintiff has failed to respond to Defendant's motion to dismiss.

## I.   Plaintiff's Motion for Default Judgment

Plaintiff moves for entry of default judgment against Defendant in the amount of eighty million dollars ($80,000,000.00) plus interest. A party is not entitled to obtain a default judgment, however, unless default has first been entered. *See, e.g., Devlin v. Kalm*, 493 Fed. Appx. 678, 686 (6th Cir., Aug. 9, 2012). While default was initially entered against Equifax, such was later set aside. Because Defendant is not in default, entry of default judgment is inappropriate. Accordingly, the undersigned recommends that Plaintiff's motion be denied.

## II. Defendant's Motion to Dismiss

Defendant moves for relief on two grounds: (1) this Court cannot properly exercise personal jurisdiction over it, and (2) Plaintiff's complaint fails to state a claim on which relief may be granted. As discussed herein, the undersigned recommends that Defendant is entitled to relief on both grounds.

### A. Personal Jurisdiction

Plaintiff bears the burden to demonstrate that personal jurisdiction over Defendant is proper in this forum. *See, e.g., Beydoun v. Wataniya Restaurants Holding, Q.S.C.*, 768 F.3d 499, 504 (6th Cir. 2014). Because the Court did not conduct an evidentiary hearing on the question of personal jurisdiction, Plaintiff "need only make a prima facie showing" to satisfy her burden.

Plaintiff asserts that the Court can hear the subject matter of her dispute based upon diversity jurisdiction. (ECF No. 1, PageID.3). In a diversity action, the Court can exercise personal jurisdiction over a defendant where such is authorized by state law and comports with due process. *Beydoun*, 768 F.3d at 504-05. Petitioner alleges that Equifax is incorporated under Georgia law. (ECF No. 1, PageID.4). Michigan's long-arm statute provides limited personal jurisdiction over non-resident corporations for claims "arising out of the act or acts" that create certain relationships, including: (1) the "transaction of any business within the state", or (2) the "doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort." Mich. Comp. Laws § 600.715.

-3-

While this would appear to be a low threshold with respect to an entity such as Equifax, which seemingly conducts business nationwide, it is a hurdle Plaintiff nevertheless has failed to overcome. Plaintiff has failed to respond to the present motion. Moreover, Plaintiff's unsworn complaint contains no allegations sufficient to establish that Defendant transacted business in Michigan or caused a tort to be suffered within its borders. Accordingly, the undersigned recommends that Defendant's motion to dismiss be granted on the ground that Plaintiff has failed to establish that this Court can properly exercise personal jurisdiction over Defendant.

B.   Failure to State a Claim

In the alternative, the undersigned recommends that Plaintiff's complaint be dismissed for failure to state a claim on which relief may be granted.

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The Court need not accept as true, however, factual allegations which are "clearly irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that

a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

Plaintiff has not submitted a traditional complaint outlining Defendant's acts or omissions that allegedly caused Plaintiff to suffer damage or harm. Instead, Plaintiff alleges that she presented Equifax with a "Notice of Fault and Opportunity to Cure," demanding that Equifax acknowledge that it injured Plaintiff (and 148 million others) and is liable "to [her] and each of the 148 million Americans for damages no less than a minimum of . . . Seventy-Five Million Dollars including triple and punitive damages and costs." According to Plaintiff, the failure by Equifax to respond to the aforementioned

Notice establishes Equifax's liability in this Court and entitles her to judgment.

While Plaintiff's approach is hardly novel,[1] it nevertheless fails to satisfy the *Iqbal/Twombly* standard. Even read indulgently, Plaintiff fails to allege in her complaint, including the documents attached thereto, facts which, if accepted as true, would establish that Defendant violated Plaintiff's rights or subjected her to a cognizable tort. Specifically, Plaintiff's allegations that Equifax "did not protect my personal data" and "has personally injured me" are simply insufficient. Accordingly, the undersigned recommends, in the alternative, that Defendant's motion to dismiss be granted on the ground that Plaintiff has failed to state a claim on which relief may be granted.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Default Judgment (ECF No. 18) be denied; Defendant's Motion to Dismiss (ECF No. 19) be granted; and this action terminated. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

---

[1] *See, e.g., Caces-Tiamson v. Equifax*, 2020 WL 1322889 (N.D. Cal., Mar. 20. 2020); *Williams v. Equifax, Inc.*, 2019 WL 3556920 (S.D. Ohio, Aug. 5, 2019); *Turman v. Equifax, Inc.*, 2020 WL 1493859 (N.D. Ohio, Mar. 27, 2020).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                Respectfully submitted,

Date: May 14, 2020                          /s/ Phillip J. Green
                                                    PHILLIP J. GREEN
                                                    United States Magistrate Judge